IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHELLE TERESA L., | Case No.: 2:19-cv-01514-AN |
| Plaintiff, | |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | ORDER |
| Defendant. | |

Plaintiff Michelle Teresa L. brought this action seeking review of the Commissioner's final decision denying her application for disability benefits under Title II and Title XVI of the Social Security Act. On July 27, 2020, this Court granted the parties' stipulated motion to remand the Commissioner's decision for further administrative proceedings. On remand, plaintiff obtained a favorable decision and was entitled to receive benefits beginning July 2015.

Plaintiff's counsel, Kevin Kerr, was previously awarded $3,140.93 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's counsel now seeks approval of $24,723.25 in attorney fees under 42 U.S.C. § 406(b). Unopposed Mot. for Attorney Fees ("Mot. for Attorney Fees"), ECF [18], at 5. The Commissioner neither supports nor opposes the motion.

## DISCUSSION

Under 42 U.S.C. § 406(b)(1)(A), when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" When the claimant has a contingency fee agreement with their attorney, the court must first look to the agreement and then independently review the reasonableness of the fee requested. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). In assessing reasonableness, the court may reduce the fee for substandard representation,

delay by the attorney, or because a windfall would result from the requested fee.  *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

Here, plaintiff and her counsel had a contingency fee agreement wherein she agreed that her counsel would receive "the greater of 25% of any past-due benefits or such amounts as are awarded to [her] attorney pursuant to the [EAJA]."  Mot. for Attorney Fees, Ex. A.  Plaintiff's total award of past-due benefits is $98,959.30.[1]  *Id.*, Ex. B.  Plaintiff's counsel seeks $24,723.25 in fees, which represents twenty-five percent of the total past-due benefits award.  The representation was not substandard—plaintiff obtained a stipulated remand and a fully favorable determination of benefits.  There is no evidence of delay, and the requested fee will not result in a windfall for plaintiff's attorney.  Thus, the Court finds that the requested fees are reasonable.

## CONCLUSION

Accordingly, plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b), ECF [18], is GRANTED.  Plaintiff's counsel is allowed attorney fees under 42 U.S.C. § 406(b), in the amount of $24,723.25, to be paid out of plaintiff's past-due benefits award.  Plaintiff's counsel was previously awarded $3,140.93 in fees under the EAJA.  When issuing the § 406(b) payment to plaintiff's counsel, the Commissioner is directed to subtract the amount previously awarded under the EAJA and send plaintiff's counsel, Kevin Kerr, the net amount of $21,582.32, less any applicable processing fee prescribed by law, using the information on file with the Agency.

IT IS SO ORDERED.

DATED this 21st day of June, 2024.

Adrienne Nelson
United States District Judge

---

[1] Although the award letter states that benefits accrued through March 2024, the amount withheld was consistent with benefits accruing through February 2024, and plaintiff's counsel stipulated to the award amount based on accrual through February 2024.  Mot. for Attorney Fees 5 n.2.